# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# LONDON

**CRIMINAL NO. 6:24-CR-35-REW**

**UNITED STATES OF AMERICA**                                                 **PLAINTIFF**

**V.**       **REQUEST FOR *BRADY* EVIDENCE AND OTHER EXCULPATORY EVIDENCE AND INFORMATION**

**BRIAN FUGATE**                                                          **DEFENDANT**

\* \* \* \* \*

Brian Fugate, by counsel, makes the following discovery request:

Mr. Fugate respectfully requests the production of evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Kentucky Supreme Court Rule 3.130(3.8), and 28 U.S.C. § 530B.[1]  Under *Brady*, the government is required to disclose any evidence in its possession that is both favorable to the defendant and material to the issues of guilt or punishment, and which is not otherwise covered by the defendant's request under Rule 16(a) and any motions filed pursuant to the Jencks Act, 18 U.S.C. § 3500.

---

[1] Disclosure of such evidence and information is further supported by Section 9-5.001 of the United States Attorneys' Manual and Rule 57.3 of the Local Criminal Rules (imposing the duty to adhere to Kentucky Supreme Court rules governing professional conduct).  *See also Cone v. Bell*, 556 U.S. 449, 470 (2009) (noting that the "obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations.").

Under Kentucky Supreme Court Rule 3.130(3.8) and 28 U.S.C. § 530B, prosecutors should disclose all evidence or information known to them that tends to negate the guilt of the defendant or that mitigates the offense.  Likewise, the government should provide all known unprivileged mitigating information to the Court and to the defendant for sentencing purposes.

More specifically, Mr. Fugate's request includes, but is not limited to, disclosure of the existence of witnesses favorable to the defendant, witness statements favorable to the defendant, evidence tending to affect the credibility of evidence to be used by the government, promises of non-prosecution made to a government witness, any other arrangement between the government and a witness that is beneficial in any way to the witness, and any other evidence exculpatory to the defendant.  This evidence should be disclosed in time to allow the defendant to put it to effective use at trial.

    Respectfully submitted,

    <u>/s/ Jarrod J. Beck</u>

    JARROD J. BECK
    LAW OFFICE OF JARROD J. BECK, PLLC
    101 WEST SHORT STREET
    LEXINGTON, KENTUCKY 40507
    PHONE 270.860.2025
    JARROD.BECK@GMAIL.COM

    COUNSEL FOR BRIAN FUGATE

## CERTIFICATE OF SERVICE

On August 11, 2024, I electronically filed this motion through the ECF system, which will send notice of docket activity to all counsel of record.

/s/ Jarrod J. Beck

COUNSEL FOR BRIAN FUGATE