UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:24-CR-35-REW-HAI |
| v. | ) | |
| | ) | |
| BRIAN S. FUGATE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 33 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Brian S. Fugate's guilty plea and adjudge him guilty of Counts One and Two of the Indictment (DE 1) and the relevant forfeiture allegation. *See* DE 34 (Recommendation); *see also* DE 31 (Plea Agreement). Judge Ingram expressly informed Fugate of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 34 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 34, **ACCEPTS** Fugate's guilty plea, and **ADJUDGES** Fugate guilty of Counts One and Two of the Indictment.

2. Per Judge Ingram's recommendation and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Indictment's forfeiture allegations, DE 1 at 3 (the firearms, ammunition, and currency), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B).

3. The Court will issue a separate sentencing order.[1]

This the 27th day of February, 2025.

Signed By:
*Robert E. Wier*  REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Fugate to custody. *See* DE 33. This was his status pretrial. *See* DE 11. Absent an intervening order, Fugate will remain in custody pending sentencing.